IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF TENNESSEE

**RECEIVED**

AUG 08 2024

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

RONALD L. MABINE,

     Plaintiff,

  vs.

UNITED STATES OF AMERICA,

FEDERAL BUREAU OF PRISONS,

NAVEED GILL,

A. MARTZ (F/N/U),

     Defendants.

Civil No. _____

JURY TRIAL DEMANDED

## COMPLAINT

1.) Plaintiff Ronald L. Mabine seeks damages, declaratory, punitive and injunctive relief against Defendants as follows:

### I. JURISDICTION & VENUE

2.) This Court has jurisdiction under 28 U.S.C. §§ 1331, 1346(b)(1) and 5 U.S.C. § 702.

3.) Plaintiff has complied with all prerequisites to a suit under the Federal Tort Claims Act. On November 20, 2023, Plaintiff timely filed an administrative

1

claim for the matters in dispute in this action in the amount of $5,000,000.00 with the Federal Bureau of Prisons, see Administrative Claim No. TRT-MXR-2024-01064. Defendant denied Plaintiff's administrative claim on January 3, 2024.

4.) This action was timely filed following the denial of the administrative claim by turning over to Federal Correctional Institution ("FCI") Memphis employees this complaint for mailing, see ¶ 33.

5.) The United States, including its departments and agencies, is not immune to suit for actions arising under the U.S. Constitution, the Administrative Procedure Act or the Federal Tort Claim Act.

6.) This action constitutes a broad challenge to the unconstitutional, unlawful, and ultra vires practices, procedures, acts and omissions of government agencies and employees.

7.) Plaintiff's claims are outside the agency expertise of Defendants.

8.) This Court has jurisdiction over Plaintiff's APA claim because a finding of preclusion would foreclose all meaningful judicial review.

## II. PARTIES

9.) Plaintiff is a federal prisoner in custody of the Federal Bureau of Prisons ("BOP"), presently restrained of his liberty in FCI Memphis.

2

10.) Defendant Federal Bureau of Prisons is the federal executive department and is an agency within the Department of Justice ("DOJ") tasked with housing federal prisoners, providing for their safekeeping and care. 18 U.S.C. § 4042(a)(2).

11.) Defendant BOP is a federal agency within the DOJ and is responsible for "ensur[ing] that all prisoners receive adequate health care." 18 U.S.C. § 4051(h)(1). The BOP interprets these statutorily mandated duties as requiring "effective[] deliver[y] [of] medically necessary health care to inmates." U.S. Dep't of Justice, Fed. Bureau of Prisons, PS No. 6031.04, Patient Care (June 3, 2024).

12.) Plaintiff brings this action against Defendant medical doctor Naveed Gill and nurse practitioner A. Martz (first name unknown) who were acting as the agents, servants, and employees of Defendant, the United States of America, in the course of their employeement, who along with other agents, servants, and employees of Defendant, the United States of America, but unknown to Plaintiff, committed the acts of negligence that are set forth more fully below.

13.) Defendants Naveed Gill and A. Martz were, at all relevant times, employees and officers of the United States Federal Bureau of Prisons, an agency of the United States of America, and are sued in their individual and official capacities.

### III. FACTS

3

14.) Plaintiff was diagnosed with Lupus in 1992 and has been prescribed oral Prednisone (a steroid) since June of 2015. Plaintiff's Lupus was successfully treated with Prednisone from 2015 through August of 2023 while Plaintiff was housed in FCI Hazelton, a BOP facility.

15.) On August 24, 2023, Plaintiff was transferred to FCI Memphis, a BOP facility, where nurse practitioner A. Martz discontinued dispensing to Plaintiff the prescribed Prednisone. Nurse practitioner A. Martz stated: "not giving you all that Prednisone. That's too much Prednisone."

16.) Plaintiff was diagnosed with gastro-esophageal reflux disears ("GERD") in 2021. Plaintiff was prescribed Omeprazole, the generic of Prilosec, for long term use. The cost of Omeprazole is between two and three cents per pill. After transfer to FCI Memphis A. Martz confiscated Plaintiff's supply of Omeprazole and told Plaintiff he could "buy it on commissary." Omeprazole is not sold on commissary and the product sold on commissary is much weaker and ineffective. Plaintiff tried the product sold on commissary, it did not treat his condition.

17.) For five months Plaintiff received inadequate health care for his Lupus and GERD. Plaintiff suffered pain and physical injury while his Lupus and GERD went untreated. Plaintiff has permanent and disfiguring scars on his skin that occurred while he was not receiving adequate health care in FCI Memphis. Plaintiff experienced severe pain for five months.

IV. CLAIMS

4

## COUNT ONE

### (FTCA Medical Negligence)

18.) At all relevant times, Defendants Gill and Martz were licensed to practice medicine and the relationship of physician and patient existed between Plaintiff and named Defendants.

19.) At all relevant times, Defendant Naveed Gill, M.D., failed to exercise reasonable care and skill commensurate with the standard of care practices in the medical profession at the time and under like and similar circumstances.

20.) Plaintiff's pain, suffering and physical injuries were caused soley, directly, and proximately by the joint and combined negligence of the Defendants, and Plaintiff is entitled to compensation for his pain, suffering, and physical injuries.

## COUNT TWO

### (Medical malpractice)

21.) Defendants failed to treat Plaintiff's Lupus and GERD which fails to comply with the appropriate and acceptable standard of care.

22.) Defendants breached their duty to treat Plaintiff's chronic care conditions as required by law and BOP policy in violation of Tenn. Code § 29-26-115.

5

23.) Plaintiff's physical injuries, pain and sufferring were proximately caused by Defendant's breach of the duty of health care owed to Plaintiff.

## COUNT THREE

### (APA)

24.) The acts or omissions of Defendants described in this Complaint unlawful and negligent action that caused Plaintiff to suffer legal wrongs reviewable under the Administrative Procedure Act, 5 U.S.C. § 706.

25.) Defendant's acts, omissions or negligence constituting inadequate health care were arbitrary and capricious; an abuse of discretion; contrary to the Eighth Amendment.

26.) Plaintiff was injured physically by Defendant's acts or omissions, suffering pain and physical disfigurement.

## COUNT FOUR

### (Eighth Amendment)

27.) Defendants acted with deliberate indifference to Plaintiff's medical conditions refusing to provide medically necessary and adequate health care.

28.) Defendant's refusal to treat Plaintiff's chronic care conditions violated Plaintiff's clearly established Eighth Amendment consitutional right to be free of cruel and unusaul punishment and was not objectively reasonable in light of the circumstances.

6

29.) Defendants acted willfully, deliberately, or with reckless disregard for Plaintiff's established Eighth Amendment right.

## V. PRAYER FOR RELIEF

30.) On the claims stated, Plaintiff asks this Court to enter judgment against Defendants and in favor of Plaintiff, holding Defendants liable to Plaintiff, jointly and severally, for compensatory damages, punitive damages, nominal damages, costs in this suit, and any other relief as may be just and proper.

## DECLARATORY & INJUNCTIVE RELIEF

31.) Plaintiff and Defendants have adverse legal interests that are of sufficient immediacy and reality to warrant the issuance of a decree. Accordingly, Plaintiff requests this Court to declare the legal rights and other legal relations and enter a decree and final judgment: (1) declaring that Plaintiff's rights were violated; (2) declaring that Defendants subjected Plaintiff to cruel, inhuman, or degrading treatment; and (3) enjoining Defendants from withholding adequate health care and medical treatment for Plaintiff's conditions.

## VI. JURY DEMAND

32.) Plaintiff demands a jury trial on all claims triable by jury.

Date: July 2, 2024

Ronald L. Mabine
USMS No. 12562-007

7

FCI Memphis
P.O. Box 34550
Memphis, TN 38184
Plaintiff, Pro Se

## VII. VERIFICATION OF PRISONER FILING

I, Ronald Mabine, in accordance with 28 U.S.C. § 1746, declare under penalty of perjury that on July 3, 2024, I delivered this Complaint to prison officials .for mailing to the Clerk of Court for the Western District of Tennessee in a properly addresses envelope, first class postage pre-paid, along with written authorization to debit my inmate account for filing fees, executed by me on this the 3rd day of July, 2024, in Memphis Tennessee.

Ronald Mabine
USMS No. 12562-007

8