# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RONALD L. MABINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:24-cv-02556-TLP-tmp |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PENDING MOTIONS, DISMISSING COMPLAINT IN PART, AND GRANTING LEAVE TO AMEND

In August 2024, Plaintiff Ronald L. Mabine, Bureau of Prisons register number 12562-007, filed a pro se Complaint alleging claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 261, *et seq*; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); the Administrative Procedure Act ("APA"), 5 U.S.C. § 706; and state malpractice law. (ECF No. 1.) At the time of the Complaint, Mabine was incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"). (*Id*. at PageID 2.) But in June 2025, Mabine informed the Court that he had been transferred to the Federal Correctional Institution in Butner, North Carolina. (ECF No. 10.)

In January 2025, the Court ordered Mabine to comply with 28 U.S.C. § 1915(a)(2) or to pay the civil filing fee. (ECF No. 7.) Plaintiff then moved for reconsideration because he had paid the civil filing fee, which the docket now reflects. (ECF No. 8.) And so, the Court **GRANTS** Mabine's motion to reconsider (ECF No. 8) and **VACATES** the Order requiring Plaintiff to pay the fee (ECF No. 7).

Having reviewed Plaintiff's pro se Complaint and for the reasons below, the Court **DISMISSES** Mabine's Complaint in part. But the Court **GRANTS** leave to amend other claims. The Court also **DENIES** Mabine's motion for service of process (ECF No. 6) without prejudice, but Plaintiff may request this relief again after amending his Complaint.

## BACKGROUND

Mabine alleges that he was diagnosed with Lupus in 1992 and has been taking Prednisone, an oral steroid, to treat his condition since June 2015. (ECF No. 1 at PageID 4.) He claims that his Lupus "was successfully treated with Prednisone from 2015 through August 2023," while he was housed at another federal prison. (*Id*.) But when he was transferred to FCI Memphis in August 2023, Nurse A. Martz "discontinued dispensing" Mabine's prescribed amount of Prednisone. (*Id*.) Mabine alleges that Nurse Martz told him, "[I am] not giving you all that Prednisone. That's too much Prednisone." (*Id*.)

Mabine also claims that in 2021, he was diagnosed with gastroesophageal reflux disease ("GERD"), for which a doctor prescribed him Omeprazole, the generic medication for Prilosec, for "long term use." (*Id*.) Plaintiff alleges that Nurse Martz "confiscated" his medication and told him to "buy it on commissary." (*Id*.) But according to Mabine, the prison commissary did not sell Omeprazole and that the medication available in the commissary "is much weaker and ineffective." (*Id*.)

Based on this conduct, Mabine argues that he received "inadequate health care for his Lupus and GERD" at FCI Memphis. (*Id*.) He also claims that he "suffered pain and physical injury while his Lupus and GERD went untreated." (*Id*.) And, according to the Complaint, he has "permanent and disfiguring scars on his skin" because he did not receive "adequate health care" at FCI Memphis. (*Id*.)

Mabine now sues the Bureau of Prisons ("BOP"); Naveed Gill, a medical doctor with the BOP; A. Martz, a nurse practitioner with the BOP[1]; "unknown" BOP employees; and the United States of America ("United States"). (*Id*. at PageID 1, 3.) He alleges violations of the FTCA, Eighth Amendment, APA, and state malpractice law. (*Id*. at PageID 5–6.) And he seeks "compensatory damages, punitive damages, [and] nominal damages" of unspecified amounts. (*Id*. at PageID 7.) Plaintiff also seeks "costs in this suit, and any other relief as may be just and proper."[2] (*Id*.)

## LEGAL STANDARD

Courts must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint:

>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[3]

In assessing whether a complaint states a claim on which relief may be granted, courts apply Federal Rule of Civil Procedure 12(b)(6), as interpreted in *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] Plaintiff sues Gill and Martz in their official and individual capacities. (*Id*. at PageID 3.)

[2] Mabine also sought declaratory and injunctive relief, but such requests for relief are now moot. The alleged denial of adequate medical care occurred while he was an inmate at FCI Memphis, and Plaintiff is no longer confined at that facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (explaining that prisoner's claims for declaratory and injunctive relief were rendered moot because he was no longer confined at institution about which he complained); *see also Hower v. Damron*, Civ. No. 0:20-53-WOB, 2021 WL 4449980, at *3 (E.D. Ky. Sept. 28, 2021), *aff'd*, No. 21-5996, 2022 WL 16578864 (6th Cir. Aug. 31, 2022) (applying *Kensu* in a *Bivens* action).

[3] The Court screens Mabine's pro se Complaint even though he has paid the full filing fee. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee.").

677–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). Courts accept a complaint's "well-pleaded" factual allegations as true and then determine whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). But courts do not accept legal conclusions in a complaint, instead requiring them to "be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Moreover, courts "liberally construe[]" pro se pleadings and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). But pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint for failing to comply with "unique pleading requirements" and stating that "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Rather than dismissing a complaint sua sponte under the Prison Litigation Reform Act for failing to state a claim, district courts may allow prisoners to amend a complaint. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). But courts should not grant leave to amend when a plaintiff cannot cure the deficiency in the complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We

agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

Given these standards, the Court now reviews Plaintiff's Complaint, dismisses claims that fail as a matter of law, and grants leave to amend claims for which Mabine may be able to assert facts that could state a claim to relief.

## ANALYSIS

**I.    John Doe Defendants**

Mabine sues "other agents, servants, and employees" of the United States, who allegedly "committed the acts of negligence" against Mabine ("John Doe Defendants"). (ECF No. 1 at PageID 3.) But Mabine fails to allege a cognizable claim against the John Doe Defendants. Federal Rule of Civil Procedure 10 requires a plaintiff to "name all the parties" in a complaint. Fed. R. Civ. P. 10(a). Service of process cannot be made on an unidentified party, and filing a complaint against an unknown defendant does not toll the statute of limitations. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548–49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))). Before Mabine can proceed against the John Doe Defendants, he must first identify the individuals and re-allege his claims against them.[4]

---

[4] The Sixth Circuit has explained that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox*, 75 F.3d at 240. Thus, Mabine must meet the requirements of Federal Rule of Civil Procedure 15(c) "in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Id.*

And so, the Court **GRANTS LEAVE TO AMEND** Mabine's claims against the John Doe Defendants. But the Court warns that failure to identify these Defendants will result in dismissal for failure to state a claim to relief.

## II.    FTCA Claim

The FTCA provides a cause of action against the United States for personal injury or property loss suffered because of the negligence of a federal government employee. 28 U.S.C. § 2679(b)(1); *Flechsig v. United States*, 991 F.2d 300, 303 (6th Cir. 1993)). The United States is the only proper defendant for claims under the FTCA. *Jones v. Johnson*, 707 F. App'x 321, 331 (6th Cir. 2017) (citing § 2679(b)(1)). Mabine therefore cannot sue Gill, Martz, or the BOP under the FTCA. And the Court **DISMISSES** Mabine's FTCA claims against those individual Defendants **WITH PREJUDICE** for failure to state a claim.

As to the United States, Tennessee law governs Mabine's FTCA claim for inadequate health care. *Jackson*, 24 F. Supp. 2d at 831, 831 n.6. And under Tennessee law, to show that medical personnel is liable to him, Mabine must allege the following:

(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a). Mabine's allegations fail to establish all three elements. Mabine generally claims that Gill and Martz "failed to exercise reasonable care and skill commensurate with the standard of care," but he does not allege what the standard of care is or explain how he believes that Gill and Martz failed to comply with it. So Mabine has failed to

6

allege a valid basis to hold the United States liable at this time but, in the future, he might allege facts to support this claim. The Court thus **GRANTS LEAVE TO AMEND** the FTCA claim against the United States.

### III.     *Bivens* Claim

Mabine next alleges that he was denied adequate medical care in violation of the Eighth Amendment while confined at FCI Memphis. (ECF No. 1 at PageID 6–7.) Because Mabine was a federal inmate at the time of the alleged constitutional violation, the Court construes this claim as arising under *Bivens*.

*Bivens* provides a right of action against federal employees who, acting under color of federal law, violate an individual's rights under the Constitution. 403 U.S. at 389. This includes claims that a prison official was deliberately indifferent to a federal inmate's medical needs under the Eighth Amendment. *See Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017); *see also Carlson v. Green*, 446 U.S. 14, 19 (1980).

#### A.     Claims Against the BOP, the United States, and Official Capacity Claims Against Gill and Martz

*Bivens* authorizes damage suits against individual federal officials, but *Bivens* does not authorize such suits against the United States or its agencies. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (explaining that a prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP"). Nor does *Bivens* permit suits against government employees in their official capacities because "the real party in interest in an official-capacity suit is the entity represented and not the individual officeholder." *Himmelreich v. Fed. Bureau of Prisons*, No. 11-3474, 2012 WL 13226685, at *1 (6th Cir. May 7, 2012) (quoting *Karcher v. May*, 484 U.S. 72, 78 (1987)); *see Malesko*, 534 U.S. at 72 ("With respect to the alleged constitutional deprivation, [the plaintiff's] only remedy lies against the individual.").

7

That said, Mabine's claims against the BOP, the United States, and Gill and Martz in their official capacities fail to state a claim to relief as a matter of law. And so the Court **DISMISSES** these claims **WITH PREJUDICE**.

> **B.     Individual Capacity Claims**

Mabine also sues Gill and Martz in their individual capacities. He claims that they were deliberately indifferent to Mabine's medical conditions and "refus[ed] to provide medically necessary and adequate health care." (ECF No. 1 at PageID 6.)

"[T]o plausibly state a *Bivens* claim, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution' in a manner that can be vindicated under *Bivens*." *Himmelreich*, 2012 WL 13226685, at *2 (quoting *Iqbal*, 556 U.S. at 676). A plaintiff asserting a *Bivens* claim must, as part of his prima facie case, allege facts showing "that the individual defendant acted under color of federal authority and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) (internal quotation marks and citation omitted).

> **1.     Individual Capacity Claim Against Gill**

Mabine's pro se Complaint contains no factual allegations against Gill—much less any claims about how Gill "was personally involved" in denying Plaintiff proper health care. *See id.* (*See* ECF No. 1 at PageID 4.) That said, the Complaint fails to "state a claim to relief that is plausible on its face" and is subject to dismissal. *Twombly*, 550 U.S. at 570. But rather than dismiss right now, the Court **GRANTS** Mabine **LEAVE TO AMEND** his *Bivens* claim against Gill in his individual capacity.

> **2.     Individual Capacity Claim Against Martz**

8

Mabine also alleges that Martz refused to dispense the prescribed amount of Prednisone to treat Mabine's Lupus because she believed it was "too much Prednisone." (ECF No. 1 at PageID 4.) Martz allegedly "confiscated" the Omeprazole prescribed to treat Mabine's GERD and told Plaintiff to buy a less effective medication from the commissary. (*Id*.) Mabine alleges that he "suffered pain and physical injury while his Lupus and GERD went untreated." (*Id*.)

With these allegations, Plaintiff tries to show deliberate indifference toward his serious medical needs, thereby invoking the Eighth Amendment's prohibition against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim of deliberate indifference has both objective and subjective components. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) (recognizing that in *Farmer*, the Supreme Court "adopted a mixed objective and subjective standard for ascertaining the existence of deliberate indifference in the context of the Eighth Amendment").

The objective component requires that a prisoner have a "sufficiently serious" medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Id*. at 897 (internal quotation marks and citation omitted). And the subjective component requires that jail officials acted with the requisite intent—or, put another way, that the officials had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id*. at 835. That

9

said, the prison official must subjectively know of an excessive risk of harm to an inmate's health or safety and then disregard that risk. *Id*. at 837.

Mabine has failed to allege facts showing that Martz had a "sufficiently culpable state of mind" and acted with "deliberate indifference" by altering Plaintiff's prescribed treatment regimen for Lupus and GERD. *See Farmer*, 511 U.S. at 834. This is because Mabine has not alleged facts from which to infer that Martz personally knew that changing Plaintiff's treatment regimen would create excessive risk to his health or that Martz disregarded that risk. *See id*. at 837. But Plaintiff may be able to do so. And so, the Court **GRANTS** Plaintiff **LEAVE TO AMEND** his individual capacity claim against Martz.

IV. **APA Claim**

In the section of Mabine's Complaint labeled "Claims," Plaintiff alleges that Defendants' "actions or omissions" that "caused [Mabine] to suffer legal wrongs [are] reviewable under the Administrative Procedure Act, 5 U.S.C. § 706." (ECF No. 1 at PageID 6.) The Court construes Mabine's claim as alleging that Defendants' denial of adequate medical care violated the APA. (*See id*.)

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. But Mabine has not pleaded facts to suggest that any agency decision has violated his federal rights, and this claim is subject to dismissal. Even so, the Court **GRANTS LEAVE TO AMEND** this cause of action because Plaintiff may be able to assert facts supporting an APA claim.

V. **State Law Malpractice Claim**

10

Lastly, Mabine alleges a state-law claim for health care liability.  (ECF No. 1 at PageID 5-6.)  "If there is some basis for original jurisdiction, the default assumption [under 28 U.S.C. § 1367(a)] is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (internal quotation marks, alteration, and citation omitted).  But when "the district court has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over related state-law claims.  28 U.S.C. § 1367(c); *see also Gamel v. Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010).  Because the Court has granted leave to amend, it does not yet know if it is dismissing each of the claims over which it has original jurisdiction.  But the Court will decline supplemental jurisdiction over Plaintiff's health care liability claim if it dismisses each of the federal claims.

## **AMENDMENT UNDER THE PRISON LITIGATION REFORM ACT**

As noted above, the Court grants Mabine leave to amend some of his claims.  He has 30 days to amend, and the amended pleading must comply with the Federal Rules of Civil Procedure.  This includes, but is not limited to, satisfying Rule 8's requirement for a short and plain statement of the claims.  Mabine must also allege plausibly that he is entitled to relief on his claims.  And he must sign the amended complaint.

An amended complaint supersedes the original complaint and must be independently complete without referring to or relying on the prior pleadings.  In other words, the amended complaint itself must allege enough facts to support each claim.  All claims in an amended complaint must arise from the facts alleged in the original complaint.  And Plaintiff must state each claim for relief in a separate count and must identify each Defendant sued under that count.

11

The amended complaint also must attach any exhibits on which it relies and identify them by number.

If Mabine fails to comply with Rule 8 and the Court's instructions for pleading amended claims within 30 days from the entry of this Order, the Court will dismiss the remaining claims with prejudice and enter judgment for Defendants.

## CONCLUSION

For the reasons above, the Court **GRANTS** Mabine's motion to reconsider (ECF No. 8) and **VACATES** the Order requiring Plaintiff to pay the fee (ECF No. 7).

The Court also **DISMISSES WITH PREJUDICE** Mabine's FTCA claims against Gill, Martz, and the BOP for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. § 1915A(b)(1). And the Court **DISMISSES WITH PREJUDICE** Mabine's *Bivens* claims against the BOP, the United States, and Gill and Nurse Martz in their official capacities for failure to state a claim to relief as a matter of law. *See id.*

But the Court **GRANTS LEAVE TO AMEND** (1) the FTCA claim against the United States, (2) his *Bivens* claims against Gill and Martz in their individual capacities, (3) his APA claim, and (4) his claims against the John Doe Defendants. *See id.* Mabine may amend his complaint within 30 days of the date of this Order, under the guidelines set forth above. And failure to do so will result in the Court dismissing these claims with prejudice for failure to state a claim to relief, as explained in this Order.

Given that Plaintiff has not yet stated any claims to relief and has been granted leave to amend, the Court does not decide whether it will exercise supplemental jurisdiction over

12

Mabine's health care liability claim,[5] and it **DENIES** Mabine's motion for service of process. (ECF No. 6.)

The Court also **ORDERS** Mabine to notify the Court immediately, in writing, of any change in address, or if he is transferred or released from BOP custody.  If Mabine fails to provide the Court with his current address or fails to follow any other requirements of this Order, the Court may impose appropriate sanctions, up to dismissal of this action, without any other notice or hearing by the Court.

**SO ORDERED**, this 29th day of August, 2025.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[5] The Court will decline supplemental jurisdiction if Plaintiff fails to amend or if his amended complaint fails to state a federal claim.